UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VU KHOI QUANG,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3003

Honorable Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on October 21, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on November 4, 2026, (ECF No. 8).

## II. Factual Background

Petitioner is a native and citizen of Vietnam who entered the United States in 1975 as a refugee. (Bakko Decl. ¶ 4, ECF No. 8-1, PageID.27.) On December 24, 2003, ICE Enforcement and Removal Operations (ERO) agents encountered and arrested Petitioner. (*Id.* ¶ 14, PageID.28.) The Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA) charging him as removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA) for being convicted of an aggravated felony – crime of violence, § 237(a)(2)(A)(ii) of the INA after Petitioner was convicted of two or more crimes involving moral turpitude (CIMT), and § 237(a)(2)(B)(i) of the INA for a drug conviction. (*Id.*)

On February 11, 2004, an Immigration Judge (IJ) ordered Petitioner removed to Vietnam. (*Id.* ¶ 15.) It appears Petitioner did not appeal, and the removal order became administratively final in March 2004.[1] (*See* Pet., ECF No. 1, PageID.6.) On July 1, 2004, DHS released Petitioner on an Order of Supervision (OSUP). (Bakko Decl. ¶ 16, ECF No. 8-1, PageID.28.)

Thereafter, between July 1, 2004, and March 6, 2025, Petitioner was arrested and charged and/or convicted of a variety of criminal offenses and received several prison sentences. (*Id.* ¶¶ 17, 19–21, 23–26, PageID.28–29.) Petitioner was also arrested by ICE ERO and again released on OSUP in November 2004 and August 2010. (*Id.* ¶¶ 18, 22.)

On July 19, 2026, ICE ERO arrested Petitioner during an enforcement operation due to Petitioner's final order of removal and criminal activity. (*Id.* ¶ 27, PageID.29.) Petitioner's OSUP was revoked and he was taken into custody pending his removal. (*Id.*)

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

On August 20, 2026, ICE ERO submitted a travel document request to the Vietnam-Removal and International Operations ERO mailbox and to the ICE Detention and Deportation Officer at ICE Headquarters responsible for Vietnam removals. (*Id.* ¶ 28.) On or about October 12, 2026, ICE completed a 90-day post-order custody review and determined that Petitioner should remain in custody because he had not demonstrated that he would not pose a danger to the community based on his extensive criminal history and convictions and because his travel document issuance remained pending to execute his removal. (*Id.* ¶ 29.) On or about October 22, 2026, ICE Headquarters Removal and International Operations notified ICE ERO that the travel document request was submitted to the Attache for processing. (*Id.* ¶ 30, PageID.30.) Travel document issuance remains pending. (*Id.*)

Petitioner is currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. (Pet., ECF No. 1, PageID.1.) Petitioner remains in ICE custody pending issuance of travel documents and removal from the United States, which Respondents' declarant states is likely to occur in the reasonably foreseeable future. (Bakko Decl. ¶ 31, ECF No. 8-1, PageID.30.)

**III. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner has a final order of removal and Petitioner's present detention is governed by 8 U.S.C. § 1231. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final in March 2004. The 90-day removal period following the order expired before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal

---

[2] The Court notes that the Supreme Court has held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, at the time that Petitioner filed the petition on October 20, 2026, Petitioner had been detained less than six months. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Petitioner contends that his detention is not reasonably foreseeable because he "came into the United States at age 2 from Vietnam" and "ICE has tried to remove him to Vietnam for the second time but was unable because ICE has been unable to obtain his travel document from Vietnam. Vietnam has no record of [Petitioner]." (Pet., ECF No. 1, PageID.6.) At this time, Petitioner's assertions are insufficient to meet Petitioner's burden to *prove* that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701;

*Munoz-Saucedo*, 789 F. Supp. 3d at 395–97. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 13, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE